UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GEORGE A. SMALL, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:20-CV-182-HAB-SLC |
| JUDGE JEFFERY D. TODD, | |
| Defendant. | |

OPINION AND ORDER

George A. Small, a prisoner without a lawyer, originated this case by filing an unsigned complaint (ECF 1), so the court directed him to file a signed complaint. The complaint was signed on May 5, 2020. ECF 4. Small then filed an amended complaint, which became the controlling document in this case. ECF 6. *See* Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within . . . 21 days after serving it."). Before the court screened that amended complaint, Small filed a proposed second amended complaint. ECF 9. He did not file a motion along with it asking to amend, but he should have done so. *See id*. Although the Local Rules generally prohibit parties from amending complaints without a motion and submitting amendments in a piecemeal fashion (*see* N.D. Ind. L.R. 15-1), in the interests of justice, the court will construe the amended complaint (ECF 6) along with the proposed amended complaint (ECF 9) together in order to determine whether Small has stated a claim.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks and citation omitted).

Small is a state criminal defendant. In his amended complaint, he claims that he is being unlawfully detained in cause number 27D01-1906-F5-000068 because there was no probable cause for the stalking charges that were filed against him. Small alleges that he was "found guilty, tried, convicted, sentenced" on a number of other related cases,[1] but he claims that there is "no disposition on file for stalking filed June 05, 2019, and or between May 2, 2019, and May 17, 2019." ECF 6 at 2. He also takes issue with cause

---

[1] He lists the following cause numbers: 27H02-1811-CM-000815, 27H02-1902-CM-000113, 27H02-1904-CM-000232, 27H02-1904-CM-000260, and 27H02-1905-CM-000333.

number 27D03-1903-CM-000025 which he claims is "undocumented." *Id*. at 2–3. In his proposed second amended complaint, Small clarifies that he is suing Judge Jeffery Todd because he issued a warrant under "undocumented-undiscovered non-exist oral case 27D01-1906-F5-000068 stalking filed June 05, 2019" when there was no probable cause to do so. ECF 9 at 1. Small explains the warrant was invalid because he was convicted in the cause numbers listed in footnote one but that a different judge, Judge Jason McVicker, vacated those convictions prior to the warrant being issued. Small acknowledges that all the cases he mentions are "connected," but he believes that Judge Todd lacked authority to issue the warrant due to Judge McVicker's previous rulings. *Id*. at 3.

This is not the first time Small has brought claims related to these state court matters before this court. *See Small v. Haas*, 1:20-CV-050-HAB-SLC (filed Jan. 29, 2020). In that case, Small sued Judge Warren Haas (among others) because he believed Judge Haas had issued an invalid warrant in cause number 27D03-1903-CM-000025, "which allegedly . . . resulted in Small 'being held illegally-wrongfully after May 20, 2019'" due to the fact that Judge McVicker had vacated the convictions and sentences in the cause numbers listed in footnote one. *See id*., ECF 20 at 3.

The court has reviewed the docket sheets of the aforementioned cases, which are publicly available online. Of relevant note, Judge McVicker did not vacate cause number 27H02-1902-CM-000113 because Small was not convicted or sentenced by him in that case. Rather, on March 7, 2019, cause number 27H02-1902-CM-000113 was transferred to the Grant Superior Court after Small requested a jury trial; cause number

3

27D01-1903-CM-000025, which was originally assigned to Judge Haas, was opened that same day.[2] Subsequently, on June 18, 2019, cause number 27D01-1903-CM-000025 was then transferred "[a]t the request of defendant and with approval from Judge Jeffrey Todd . . . to be heard with the defendant's pending charges in 27D01-1906-F5-68."[3] According to the online docket, on July 30, 2020, Small pled guilty in cause number 27D01-1906-F5-000068 via a plea agreement to counts two through six while count one—the stalking charge—was dismissed; he was sentenced accordingly by Judge Todd that same day.[4]

Turning to the matter at hand, to the extent Small is challenging his confinement, he cannot seek that remedy in a civil rights action. A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *See generally Glaus v. Anderson,* 408 F.3d 382 (7th Cir. 2005) (explaining the difference between civil rights and habeas remedies).

---

[2] *See State of Indiana v. George A. Small*, cause no. 27H02-1902-CM-000113, filed Feb. 21, 2019, https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IlhpSnV4RGFDSWZTZEt4Qnd4WWdCaDBCCdGpIODlQUWItcUVJTXRZbXFsUWcxIn19 (last visited Oct. 26, 2020); *see also State of Indiana v. George A. Small*, cause no. 27D01-1903-CM-000025, filed Mar. 7, 2019, https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6ImVpQmFIa0J4MEpqVjZPSG9leHh6eEVMcHEtR2k1eFhVVVg0UWhwMzR5YzQxIn19 (last visited Oct. 26, 2020).

[3] *See State of Indiana v. George A. Small*, cause no. 27D01-1903-CM-000025, filed Mar. 7, 2019, https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6ImVpQmFIa0J4MEpqVjZPSG9leHh6eEVMcHEtR2k1eFhVVVg0UWhwMzR5YzQxIn19 (last visited Oct. 26, 2020); *see also State of Indiana v. George A. Small*, cause no. 27D01-1906-F5-000068, filed June 5, 2019, https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IktXX1JRcVB0SFJ0Smpjb01EOGFsVVBISEhjeI9MSURjZ21RV0Y1Tmw2QVkxIn19 (last visited Oct. 26, 2020).

[4] *See State of Indiana v. George A. Small*, cause no. 27D01-1906-F5-000068, filed June 5, 2019, https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IktXX1JRcVB0SFJ0Smpjb01EOGFsVVBISEhjeI9MSURjZ21RV0Y1Tmw2QVkxIn19 (last visited Oct. 26, 2020).

Additionally, Small seeks $12,000,000, but the complaint does not state a claim for monetary damages against Judge Todd. This is because, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted). Here, Judge Todd had jurisdiction to issue a warrant in Small's criminal case, to rule on subsequent motions during the pendency of the case, and to sentence him. Although Small states without explanation that he did not have such jurisdiction, his allegations—coupled with the public record—demonstrate otherwise. *See e.g. Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007) ("[A] plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery."). Thus, because Judge Todd is immune from this suit, he will be dismissed accordingly.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

5

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because George A. Small has failed to state a claim upon which relief can be granted.

SO ORDERED on October 30, 2020.

                                                s/Holly A. Brady
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT